UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

R. ALEXANDER ACOSTA, Secretary of Labor,  :
United States Department of Labor,         **COMPLAINT**
                                           :

              Plaintiff,      : Civil Action No.
   v.
                                           : 18-cv-

JESSIE GAS & GO LLC d/b/a Oaklyn Gulf, d/b/a
Haddon Citgo and d/b/a Haddon Gulf; JASSI FUELS  :
LLC d/b/a Collingswood Gulf; and BALKAR S. SAINI,
Individually and as Officer,                :
             Defendants.
                                           :

---

## **INTRODUCTION**

1. Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("the Act" or "the FLSA"), alleging that Defendants violated Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

2. As set forth below, Defendants have denied their employees proper minimum wage and overtime wages. Defendants' employees have routinely worked well in excess of 40 hours per week as gas station attendants and gas station convenience store clerks, and, in some instances, more than 80 hours in a single workweek. Defendants have paid their employees a flat monthly rate without paying them any overtime premiums. In most cases, the monthly rate resulted in an hourly wage of less than the applicable minimum wage. Moreover, Defendants

have failed to keep any records required by the Act, including records of wages paid and/or hours worked.

## JURISDICTION AND VENUE

3. Jurisdiction over this action is properly conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in the United States District Court for the District of New Jersey because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

### The Parties

5. Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

6. Defendant JESSIE GAS & GO LLC is a limited liability company organized under the laws of the State of New Jersey, having its registered office at 105 Mount Pleasant Road, Sewell, NJ 08080.

7. JESSIE GAS & GO LLC owns and operates at least three gas stations located at 720 White Horse Pike, Oaklyn, NJ 08107 ("Oaklyn Gulf"), 2920 Route 130 North, Haddon Township, NJ 08104 ("Haddon Citgo"), and 3100 Route 130, Haddon Township, NJ 08108 ("Haddon Gulf"), within the jurisdiction of this court.

8. JESSIE GAS & GO LLC does business under the "Gulf" and "Citgo" trade names.

9. JESSIE GAS & GO LLC has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an employer of the employees within the meaning of Section 3(d) of the Act.

10. Defendant JASSI FUELS LLC d/b/a Collingswood Gulf is a limited liability company organized under the laws of the State of New Jersey, having its registered office at 105 Mount Pleasant Road, Sewell, NJ 08080.

11. JASSI FUELS LLC owns and operates at least one gas station located at 701 Crescent Blvd. (Route 130 South), Collingswood, NJ 08108 ("Collingswood Gulf"), within the jurisdiction of this court.

12. JASSI FUELS LLC does business under the "Gulf" trade name.

13. JASSI FUELS LLC has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an employer of the employees within the meaning of Section 3(d) of the Act.

14. Defendant BALKAR S. SAINI has an ownership interest in Defendants Jessie Gas & Go LLC and Jassi Fuels LLC and is the Managing Member of both companies.

15. BALKAR S. SAINI is in active control and management of the corporate defendants.

16. Upon information and belief, BALKAR S. SAINI has authority to and does hire, fire, set the hours and compensation of employees, and otherwise has acted directly and indirectly in the interest of the corporate defendants in relation to employees during the relevant time period.

17. BALKAR S. SAINI is an employer of the employees within the meaning of Section 3(d) of the Act. Defendant BALKAR S. SAINI resides in New Jersey.

**Defendants Are an Enterprise Engaged in Commerce**

18. The business activities of Defendants, as described herein, are related and performed through common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

19. During the relevant period since at least April 12, 2015, the corporate defendants have been operated under unified control by the individual defendant for a common business purpose of operating gas stations and convenience stores open to the public.

20. As described herein, Defendants have employed the same employment practices at each of the gas stations through common control.

21. Defendants have employed and are employing employees listed in Exhibit A in workweeks at their place of business engaged in commerce.

22. Defendants have employed and are employing employees at their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. These goods include but are not limited to gasoline and items for sale at convenience stores such as food and beverages. During the relevant period, the enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

23. During the relevant time period, Defendant JESSIE GAS & GO LLC had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees at the Oaklyn Gulf, Haddon Citgo and Haddon Gulf are employed in

an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

24. During the relevant time period, Defendant JASSI FUELS LLC had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees at the Collingswood Gulf are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

## Tolling Agreement

25. On or about August 8, 2017, Defendants and the Secretary knowingly and voluntarily entered into a Statute of Limitations Tolling Agreement ("tolling agreement").

26. The tolling agreement tolls the applicable statute of limitations beginning on April 30, 2017 through the date the tolling agreement is terminated.

27. The Secretary terminated the tolling agreement effective March 4, 2018.

28. Accordingly, the statute of limitations shall be tolled from April 30, 2017 through March 4, 2018.

## Defendants' Pay Practices

29. During the relevant time period from April 12, 2015 through approximately May 2017 and possibly the present ("the relevant time period"), Defendants have employed employees as gas station attendants and convenience store clerks.

30. Defendants' pay practices violated the Act in several ways.

31. During the relevant time period, all of Defendants' employees regularly worked more than 40 hours per week.

32. During the relevant time period, most of Defendants' employees regularly worked at least 70 hours per week.

33. During the relevant time period, more than half of Defendants' employees regularly worked between 77 and 84 hours per week.

34. During the relevant time period, six employees regularly worked 84 hours each week.

35. For example, the Haddon Citgo operated from 6:00am until 9:00pm, seven days a week, with two gas attendants, one of whom worked for 12 hours per day and the other who worked for 10 hours per day. During the relevant period, the two gas station attendants at the Haddon Citgo station worked seven days a week in 12-hour and 10-hour shifts, for 84 hours and 70 hours each workweek, respectively.

36. For another example, the Oaklyn Gulf gas station operated from 6:00am until 11:00pm, seven days a week, with two or three gas attendants. During the relevant period, there was at least one gas station attendant working 11 hours per day, seven days a week, for 77 hours each workweek.

37. During the relevant period, Defendants paid all of their employees a flat monthly wage without regard to the number of overtime hours they worked each week.

38. For instance, Defendants paid most of their employees a flat monthly wage of between $2,100.00 and $2,500.00 on average. For many weeks, this worked out to less than $7.00/hour for some employees.

39. During the relevant time period, as a result of paying a fixed monthly salary for all hours worked during a month, Defendants failed to pay their employees at one and a half

6

times their regular rate of pay when they worked in excess of forty hours per week during the relevant time period as prescribed by section 7 of the FLSA.

40. During the relevant time period, Defendants failed to pay the minimum wage to most employees who worked at their four gas stations as prescribed by section 6 of the FLSA.

41. During the relevant time period, Defendants also failed to pay any wages to one employee who worked at the Oaklyn Gulf gas station for 84 hours per week for a period of approximately ten weeks during the relevant time period, in violation of sections 6 and 7 of the FLSA.

### Defendants' Unlawful Recordkeeping Policies and Practices

42. Defendants failed to make, keep, and preserve required records.

43. During the relevant period, Defendants did not make, keep, and preserve any records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

44. More specifically, Defendants failed to keep any records of, *inter alia*, convenience store clerks' or gas station attendants' daily and weekly hours of work, or their regular or overtime rates of pay.

### FIRST CAUSE OF ACTION
### Violation of Sections 6(a) and 15(a)(2) of the FLSA, Failure to Pay Minimum Wage

45. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 45 of the complaint.

46. By failing to ensure that station attendants and clerks receive the applicable minimum wage, Defendants have violated the provisions of sections 6 and 15(a)(2) of the Act. Through their unlawful practices, Defendants paid many of their station attendants and clerks

7

employed in an enterprise engaged in commerce or in the production of goods for commerce at rates less than the applicable statutory minimum wage prescribed in section 6 of the Act.

47. Accordingly, Defendants JESSIE GAS & GO LLC, JASSI FUELS LLC, and BALKAR S. SAINI are liable for any unpaid minimum wages and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid minimum wages and prejudgment interest on said unpaid minimum wages under section 17 of the Act.

## SECOND CAUSE OF ACTION
### Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime

48. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 47 of the complaint.

49. Defendants in many workweeks have violated the provisions of sections 7 and 15(a)(2) of the Act by employing their station attendants and clerks in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

50. Therefore, Defendants JESSIE GAS & GO LLC, JASSI FUELS LLC, and BALKAR S. SAINI are liable for unpaid overtime compensation and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

## THIRD CAUSE OF ACTION
**Violation of Sections 11(c) and 15(a)(5) of the FLSA**

51.     The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 50 of the complaint.

52.     Defendants JESSIE GAS & GO LLC, JASSI FUELS LLC, and BALKAR S. SAINI have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that these Defendants failed to make, keep, and preserve records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 C.F.R. Part 516.  Specifically, Defendants failed to keep any records of, *inter alia*, their station attendant and clerks' actual daily and weekly hours of work, and regular and overtime rates of pay.

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

1. An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concern or participation with Defendants, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

2. An order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional back wage compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or

3. In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime and minimum wage compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

4. An order compelling Defendants to reimburse the Secretary for the costs of this action; and

     5.    An order granting such other relief as the Court may deem necessary or appropriate.

DATED:    March 5, 2018
               New York, New York

                                        s/ Kate S. O'Scannlain
                                        KATE S. O'SCANNLAIN
                                        Solicitor of Labor

                                        s/ Jeffrey S. Rogoff
                                        JEFFREY S. ROGOFF
                                        Regional Solicitor

                                        s/ Kathryn L. Stewart
                                        KATHRYN L. STEWART
                                        Senior Trial Attorney

                                        U.S. Department of Labor,
                                        *Attorneys for Plaintiff Secretary of Labor*

                                        U.S. Department of Labor
                                        Office of the Regional Solicitor
                                        201 Varick Street, Room 983
                                        New York, NY 10014
                                        (646) 264-3675
                                        (646) 264-3660 (fax)
                                        Stewart.kathryn@dol.gov
                                        NY-SOL-ECF@dol.gov
                                        Secretary of Labor, Plaintiff

## EXHIBIT A

|    | LAST NAME | FIRST NAME |
|----|-----------|------------|
| 1. | Dass | Ganda |
| 2. | Kabow | Sumit |
| 3. | Manne | Nikhil |
| 4. | Pannu | Amit |
| 5. | Saini | Baldev |
| 6. | Saini | Joginder |
| 7. | Singh | Dalvir |
| 8. | Singh | Gurbheg |
| 9. | Singh | Harjinder |
| 10. | Singh | Harjinder J. |
| 11. | Singh | Jaswant |
| 12. | Singh | Jatinder |
| 13. | Singh | Karan |
| 14. | Singh | Mandeep |
| 15. | Singh | Shokin |
| 16. | Singh | Surinder |